**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

AUG - 7 2008

Clerk, U.S. District and
Bankruptcy Courts

MICHELE TORNABENE )
82329 Canning Terrace )
Greenbelt, MD. 20770 )
  )
  )
    Plaintiff, ) CIVIL ACTION NO.:
  )
  )
v. )
  )
  )
DISTRICT OF COLUMBIA )
GOVERNMENT )
441 4th Street, N.W. )
Washington, D.C. 20001 )
    Defendant )
  )
  )
ADRIAN FENTY, MAYOR OF THE )  J    Case: 1:08-cv-01379
DISTRICT OF COLUMBIA )     Assigned To : Walton, Reggie B.
441 4th Street, N.W. )     Assign. Date : 8/7/2008
Washington, D.C. 20001 )     Description: Employ. Discrim.
    Defendant )
  )
  )
DISTRICT OF COLUMBIA )
DEPARTMENT OF CHILD )
AND FAMILY SERVICES )
400 Sixth Street, S.W. )
Washington, D.C. 20024 )
    Defendant )
  )
  )
SERVE: )
OFFICE OF THE ATTORNEY )
GENERAL OF THE DISTRICT )
OF COLUMBIA )
441 4th Street, N.W. )
Washington, D.C. 20001 )
  )
ON BEHALF OF THE MAYOR SERVE: )
MS. CHARLOTTE FISHER )
OFFICE OF RISK MANAGEMENT )
441 4th Street, N.W. Suite 800 South )
Washington, D.C. 20001 )
  )



1

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, the District of Columbia, Mayor Adrian Fenty, and the District of Columbia Child and Family Services Agency (collectively "Defendants"), by and through their counsel, respectfully remove to this Honorable Court the above action from the Superior Court of the District of Columbia (Case Number 2008 CA 0003975; filed on May 28, 2008). The Grounds for removal are as follows:

1.    Plaintiff Michele Tornabene, has filed an action against the defendants in Superior Court for the District of Columbia, Civil Division, Case No. 2008 CA 0003975, alleging among other things that the defendants violated her rights under Title VII of the Civil Rights Act of 1964 when they terminated her employment with the District based on or due to her sex. See Complaint, Count II.

2.    This action is removable to this Court because of the existence of a federal question raised by plaintiff's Complaint. Causes of action "founded on a claim or right arising under the Constitution, treaties or laws of the United States" are removable without regard to the citizenship or residence of the parties. See 28 U.S.C. § 1441(b). In paragraphs 29 through 33, the Complaint raises a federal question by asserting a federal statutory claim under Title VII of the Civil Rights Act of 1964.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders received or sent by undersigned counsel in this matter are attached hereto as Exhibit 1.

**DATED:  August 7, 2008**

Respectfully submitted,

PETER NICKELS
Acting Attorney General for the District of Columbia

2

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/S/ KIMBERLY M. JOHNSON/tmj
KIMBERLY M. JOHNSON [435163]
Chief, Civil Litigation Sec. I

/S/ DARRELL CHAMBERS/
DARRELL CHAMBERS [980872]
Assistant Attorney General
441 4TH Street, NW, Suite 600 South
Washington, D.C. 20001
202-724-6539
darrell.chambers@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2008, a copy of the foregoing NOTICE OF REMOVAL was mailed via first class mail, postage prepaid, to:

Karl W. Carter, Jr., Esquire
1050 17th Street, N.W., Suite 1000
Washington, D.C. 20036
Attorney for Plaintiff

/S/ DARRELL CHAMBERS
DARRELL CHAMBERS
Assistant Attorney General

3



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MICHELE TORNABENE
   Vs.
DISTRICT OF COLUMBIA

C.A. No.    2008 CA 003975 B

## <u>INITIAL ORDER AND ADDENDUM</u>

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge BRIAN F HOLEMAN
Date:  May 28, 2008
Initial Conference: 9:30 am, Friday, September 12, 2008
Location:  Courtroom A-49
      515 5th Street NW
      WASHINGTON, DC  20001

08 1379

# FILED

AUG - 7 2008

**Clerk, U.S. District and
Bankruptcy Courts**

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001  Telephone: 879-1133

*Michele Tornabene*
*82 329 Canning Terrace* ——————*Plaintiff*
*Greenbelt, MD 20770*

0003975-08

Civil Action No. _____

*Defendant*

*Adrian Fenty*
*Mayor*
*441 4th St. N.W.*
*Wash. D.C. 20001*

**SUMMONS**

To the above named Defendant: *Adrian Fenty!* *serve*

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Karl W. Carter, Jr*
Name of Plaintiff's Attorney
*1050 17th St. N.W.*
Address
*Suite 1000, Wash. DC.*
*(202) 955-1010*
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date _05-_____

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

CV(6) 456/Mar 02

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

Michele Tornabene                    )
82329 Canning Terrace                )
Greenbelt, Md. 20770                 )
    Plaintiff     )
                                     )
v.                                   )        CA No.
                                     )
District of Columbia                 )
 Government                       )
441 4th Street, N.W.                 )
Washington, D.C. 20001               )
    Defendant      )
                                     )
Adrian Fenty                         )
 Mayor of the                     )
District of Columbia                 )
441 4th Street, N.W.                 )
Washington, D.C. 20001               )
    Defendant      )
                                     )
District of Columbia                 )
Department of Child                  )
and Family Services                  )
400 Sixth Street, S.W.               )
Washington, D.C. 20024               )
                                     )
    Defendant      )
Serve:                               )
Office of the Attorney               )
General Of the District              )
441 4th Street, N.W.                 )
Washington, D.C. 20001               )
                                     )

0003975-08

FILED
Civil ... Office
MA? ? 2008
Superior Court of the
District of Columbia
Washington, D.C.

1

On behalf of the Mayor ;          )
Ms. Charlotte Fisher              )
Office of Risk Management )
Suite 800 South                   )
Washington, D. C. 2001        )
_____ )

## I.

## PLAINTIFF'S COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is a complaint for declaratory and injunctive relief brought by the Plaintiff Michele Tornabene, a former employee of the District of Columbia Government for a violation of her rights under the provisions of the District of Columbia Human Rights Act and Title VII of the 1964 Civil Rights Act. Plaintiff submits that she was improperly removed from her position in violation of her rights under the 5th Amendment of the United States Constitution.

## II.

## JURISDICTION

2. The jurisdiction of this honorable court is hereby invoked pursuant to the provisions of:

(a) Section 11-921 of the District of Columbia Code.

(b) Section 2-1403.16 in that this case arises under the provisions of the District of Columbia Human Rights Act.

(c) Title VII of the 1964 Civil Rights Act and that this action is brought to protect Plaintiff's Civil rights there under.

2

(d) This case is brought to enforce Plaintiff's property rights under the Fifth Amendment's Due Process Clause of the United States Constitution.

## III.

## PARTIES

3. Plaintiff, Michele Tornabene, is former employee of the Defendant District of Columbia Child and Family Services an agency of the District of Columbia Government. She was terminated from her position without just cause and in violation of the applicable federal and District civil and human rights laws.

4. Defendant, Child and Family Services is an agency of the District of Columbia government which terminated the Plaintiff's services in violation of her rights under the applicable constitutional, federal and District of Columbia civil rights laws.

5. Defendant, Adrian Fenty, is the Mayor of the District of Columbia Government and in such position is responsible for all administrative and personnel decisions of said governmental entity including the Child and Family Services of the District of Columbia Government.

## IV.

## STATEMENT OF FACTS

6. Defendant, Michele Tornabene, was initially hired, in January of 2000, as a Social Worker DS-11, by the Defendant Child Family Services, an agency of the District of Columbia Government and successfully completed her probationary period with the Department of Child and Family Services.

7. On or about July 1, 2001 Plaintiff was promoted to the position of Social Worker

DS-12.

8. Thereafter on April 14, 2002 Plaintiff was again promoted to the position of Supervisory Social Worker-DS-13.

9. On or about Plaintiff was evaluated while she was Supervisory Social Worker at the DS-13 level as a satisfactory employee for the rating period of October 1, 2002 to September 30, 2003.

10. Thereafter, Plaintiff was subject to a realignment by the Defendants wherein she was transferred to the Management Supervisory Service to the Position of Supervisory Social Worker DS-13.

11. Subsequently she was recommended for and received a monetary incentive award for outstanding performance in her position as Supervisory Social Worker.

12. On or about November 26, 2003 the Plaintiff was given an annual evaluation of satisfactory and or meets expectations for the performance period of October 1. 2002 until September 30, 2003.

13. On or about November 21, 2004 the Plaintiff was given an annual evaluation of satisfactory and or meets expectations for the performance period of October 1. 2003 until September 30, 2004

14. Subsequently, on November 9, 2007 Plaintiff was given an annual evaluation of Exceeds Expectations for the performance plan period of October 1, 2006 to September 30, 2007.

15. On or about November 6, 2006 Plaintiff was appointed to the Supervisory Social Worker in the Management Supervisory Service with the District of Columbia

Government in the Office of Youth Development Administration giving her an increase in her salary.

16. During the total period of her employment with the Child and Family Services Agency Plaintiff's performance was considered satisfactory or better.

17. During the period of August 2007 until January of 2008 Plaintiff began to seriously consider a breast reduction procedure. The reason for her consideration of this procedure was due to constant back, neck, and shoulder pain due to weight of her large breasts.

18. As a result of living with the pain Plaintiff began researching the procedure at both home and at work. Ultimately, after deciding that the procedure would be the best option to reduce her pain the method used by her to research possible breast reduction surgery was through the internet.

19. During the period the Plaintiff was researching the proper procedure for breast reduction surgery she visited several medical websites and viewed before and after pictures of breast reductions which contained pictures of women's bare breasts. These websites and the photos contained within were strictly of a medical nature.

20. Plaintiff narrowed her selection of Doctors to two in the Prince Georges County area. Dr. Scroggins in Greenbelt and Dr. Michael Chiramonte in Clinton Maryland. After she met with Dr. Chiramonte in August of 2008 she decided to proceed with the breast reduction surgery. Plaintiff attended her pre-op appointment on September 24, 2007 and on October 5, 2007 she underwent breast reduction surgery.

21. After her surgery Plaintiff also visited internet sites to assure herself that the post operative healing of her body was proceeding normally. These photos ultimately

5

assured her that the surgery was successful and the scars and bruising were a normal part of the healing process. Plaintiff also viewed her Doctor's website during work hours in order to give his phone number and website address to several female co-workers who asked for information concerning breast reduction surgery.

22. Plaintiff returned to work on October 22, 2007 working half days the first week she was back to work. On October 31, 2007 and January 15, 2006 she attended her post-op follow up appointments.

23. During the fiscal year of 2007 the District of Columbia began a series of investigations into the use of government computers by its employees who visited pornographic sites during that year. On December 15, 2007 an investigation was instigated by the Office of the Chief of Technology Officer (OCTO) began on December 15, 2007 when Office of Property Management received a complaint from an employee about an employee about employees abusing government resources by browsing and downloading pornographic content on government computers. After the initial investigation discovered a number of employees with a high level of abuse of government resources. OTCO expanded the search government wide. Eighteen agencies were found to have employees that could potentially be sanctioned.

24. On January 22, 2008 the District of Columbia Government issued a memorandum informing all employees that the investigation by the OCTO was ongoing and that additional personnel actions would be taken for a violation of the policy. It was determined that the sanctions would range from a letter of warning to suspension or termination in the most egregious cases.

6

25.  During this time the Office of Property Management, Child Family Services Agency, and the Office of Contracts and Procurement had taken action to terminate six employees found to have an egregious amount of hits to pornographic websites.

25. On January 23, 2008 Plaintiff was informed, by her former immediate supervisor Mr. Dane Edley, that her government computer had been confiscated for suspicious activity. When she asked what was going on Mr. Edley was unable to answer her question and that she was to report to her former administrator Ms. Nicolett Smith-Bligen first thing in the morning.

26. Ms. Smith-Bligen informed the Plaintiff that she had been informed that Plaintiff's computer had been red flagged for further investigation and that OTCO had requested her computer.

27.  On February 6, 2008 Plaintiff received a call from Ms. Smith-Bligen requesting that Plaintiff attend a meeting in office of Audrey Sutton the Deputy Director's Of Child and Family Services. Plaintiff immediately contacted her family attorney who attended the meeting with her. During the meeting with Ms. Sutton, Ken Columbia, Human Resource Administrator and Ms. Smith-Bligen she was informed by Ms. Sutton  that the scan of her computer during 2007 revealed  that her computer contained pornographic material and that she would have to be terminated.

28. On February 6, 2008 Plaintiff was given a Notice of Termination which informed her that she would be terminated effective February 21, 2008.

7

# V.

## STATEMENT OF CLAIMS

### 1.

### DEFENDANT'S VIOLATED PLAINTIFF'S RIGHTS UNDER THE PROVISIONS OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT

29.  Plaintiff incorporates by reference paragraphs 6-28 as though stated full herein.

30.  Plaintiff was employed as an employee of the District of Columbia had a property interest in continued employment as a Supervisory Social Worker with the Department of Child and Family Services Agency.

31. As an employee of the District of Columbia she was classified as a Management Supervisory Service (MSS) employee. Said employees were considered to be employee's at will.

32. As an MSS employee Plaintiff was still subject to the protections of the District of Columbia Human Rights Act which in particular prohibited the discrimination based upon sex by an employer.

33. Moreover, Plaintiff submits that her termination was based in part or due to her sex in violation of the provisions of the District of Columbia Human Rights Act.

### 2.

### DEFENDANT'S VIOLATED PLAINTIFF'S RIGHTS UNDER THE PROVISIONS OF THE TITLE VII OF THE 1964 CIVIL RIGHTS ACT

29.  Plaintiff incorporates by reference paragraphs 6-28 as though stated full

8

herein.

30. Plaintiff was employed as an employee of the District of Columbia had a property interest in continued employment as a Supervisory Social Worker with the Department of Child and Family Services Agency.

31. As an employee of the District of Columbia she was classified as a Management Supervisory Service (MSS) employee. Said employees were considered to be employee's at will.

32. As an MSS employee Plaintiff was still subject to the protections of the Title VII of the 1964 Civil Rights Act which in particular prohibited the discrimination based upon sex by an employer.

33. Moreover, Plaintiff submits that her termination was based on or due to her sex in violation of the provisions of the District of Columbia Human Rights Act.

## VI.

## <u>PRAYER FOR RELIEF</u>

Wherefore based upon the foregoing Plaintiff prays that this honorable court:

(a) Enter an Order finding that the Defendants violated Plaintiff's rights under the provisions of the District of Columbia Human Rights Act.

(b) Enter an Order finding that Defendants violated Plaintiff's rights under the provisions of the provisions of 42 U.S.C.§ 2000e-16

( c) Enter an order enjoining the Defendants from discriminating against the Plaintiff.

(d) Enter an Order requiring the Defendants to reinstate the Plaintiff to her position in the Department of Child and Family Services

9

(e) Enter an Order awarding Plaintiff backpay with interest.

(f) Enter an Order awarding Plaintiff reasonable attorney's fees.

(g) Enter an Order awarding Plaintiff reasonable damages.

(h) Enter an Order awarding Plaintiff any other relief this court may deem just and proper.

## VII

## JURY DEMAND

Plaintiff requests a trial by jury.

Respectfully submitted,

Karl W. Carter, Jr.
Attorney At Law
1050 17th Street, N.W.
Suite 1000
Washington, D.C. 20036
(202) 955-1010

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


_MICHELE TORNABENE_
Plaintiff


v.                                               Civil Action No.  08 1379

                                                                  AUG - 7 2008

_D.C. GOV. ET AL_
Defendant


The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **WALTON, J. RBW**. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.


NANCY MAYER-WHITTINGTON, CLERK

By _____
        Deputy Clerk

cc: KARL W. CARTER, JR.

                                    929A
                                    Rev. 7/02

*H 08 1379*
*RBW*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

MICHELE TORNABENE

## DEFENDANTS

District of Columbia, Adrian Fenty, the D.C. Child and Family Services Agency

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** ___Greenbelt___
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)** ___Washington, DC___
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Karl W. Carter, Jr., Esquire, 1050 17th Street, N.W., Suite 1000, Washington, D.C. 20036, (202) 955-1010

Case: 1:08-cv-01379
Assigned To : Walton, Reggie B.
Assign. Date : 8/7/2008
Description: Employ. Discrim.

*JURY ACTION*

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/ Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ⊙ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ⊙ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Plaintiff claims she was terminated because of her gender in violation of her rights pursuant to Title VII of the Civil Rights Act of 1964.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  8/7/08    SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.