UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHELE TORNABENE | ) | |
| Plaintiff, | ) | Civil Action No.: 08-1379 RBW |
| v. | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| Defendants. | ) | |

# DEFENDANTS' MOTION TO DISMISS
## OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Defendants, the District of Columbia ("District"), Mayor Adrian Fenty ("Mayor Fenty"), and the District of Columbia Department of Child and Family Services Agency ("CFSA"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6) and 56, move this Honorable Court to dismiss the complaint with prejudice for failure to state a claim upon which relief can be granted, or in the alternative, for Summary Judgment. In support thereof, Defendants state:

1. Plaintiff failed to exhaust her administrative remedies under Title VII.

2. Plaintiff's complaint does not set forth any allegations to support a discrimination claim under Title VII or the D.C. Human Rights Act.

3. Defendant Fenty is not the proper party to be sued.

4. The CFSA is *non sui juris*.

5. For reasons more fully set out in the attached Memorandum of Points and Authorities attached hereto and made a part hereof.

Pursuant to Rule 7(m), because this Motion requests a dispositive ruling by the Court, the District is not required to seek Plaintiff's counsel's consent.

        Respectfully submitted,

        PETER NICKELS
        Acting Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/  Kimberly M. Johnson/tmj
        KIMBERLY M. JOHNSON [435163]
        Chief, Civil Litigation Sec. I

        /s/   Darrell Chambers
        DARRELL CHAMBERS [980872]
        Assistant Attorney General
        441 4TH Street, NW, Suite 600 South
        Washington, D.C.  20001
        202-724-6539
        darrell.chambers@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHELE TORNABENE )<br><br>    Plaintiff, )<br><br>v. )<br><br>DISTRICT OF COLUMBIA, *et al.*, )<br><br>    Defendants. ) | Civil Action No.: 08-1379 RBW |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

**Preliminary Statement**

Plaintiff filed the instant complaint alleging that the District, Mayor Fenty, and the CFSA violated her rights under Title VII and the DC Human Rights Act. See complaint. Specifically, Plaintiff claims that she was subjected to gender discrimination when she was terminated for viewing medical websites which contained pictures of women's bare breasts. See complaint. Plaintiff seeks compensation for the violations including back pay and reinstatement to her former position within CFSA. See complaint.

As is more fully set forth below, the complaint should be dismissed for failure to state a claim upon which relief can be granted and failure to exhaust administrative remedies.

**Facts**

Plaintiff worked as a social worker with CFSA beginning in January 2000. See complaint ¶ 6. Plaintiff received promotions in July of 2001 and again in April of 2002 before she was transferred to the Management Supervisory Service. See complaint ¶¶ 7, 8. During the period of August of 2007, Plaintiff began to consider breast reduction surgery due to constant pain in her back and neck caused by the weight of her large breasts. See Complaint ¶ 17. Plaintiff

3

researched the procedure while at work. See complaint ¶ 18. She conducted her research through the internet during work hours and using her work computer. See complaint ¶ 18. During her research, Plaintiff visited several websites which contained pictures of women's bare breasts ¶ 19. Plaintiff underwent breast reduction surgery in October of 2007. See complaint ¶ 20. Plaintiff returned to work on October 22, 2007. See complaint ¶ 22. After her surgery, Plaintiff continued to visit internet websites containing pictures of women's bare breasts while at work, during work hours, and using her work computer. See complaint ¶ 21. Plaintiff does not allege that she requested, or was given permission, to conduct such research in her office during work hours using her employer's equipment. See complaint, generally. In 2007, the District began an investigation into the misuse of government computer equipment and Plaintiff became a target of that investigation. See complaint ¶¶ 23 – 27. In February of 2008, Plaintiff was told, in the presence of her attorney, that inappropriate material was discovered on her work computer and that she would be terminated for misuse of her government computer. See complaint ¶¶ 27, 28. Plaintiff was terminated, effective February 21, 2008. See complaint ¶ 28.

**Argument**

I.      **The Legal Standard.**
    a.      **Dismissal For Failure To State A Claim.**

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp., et al. v. William Twombly, et al.*, 127 S. Ct. 1955 (2007). Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 127 S. Ct. at 1964. When the allegations in a complaint, however true,

could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court. *Id.* at 1966.

A motion to dismiss for failure to state a claim should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C. Cir. 1987); *Conley v. Gibson,* 355 U.S. 41, 45 (1957) (complaint should not be dismissed for failure to state claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of her claim which would entitle her to relief). The movant is not entitled to judgment if there are allegations in the complaint which, if proved, would provide a basis for recovery. *Haynesworth,* 820 F.2d at 1254. As this Court has observed,

> When a party moves to dismiss for lack of subject-matter jurisdiction or for judgment on the pleadings, the court may consider the motion based on the complaint standing alone or, where necessary, on the complaint "supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." This standard follows from the "well-established practice -- endorsed by the Supreme Court forty-five years ago ... of allowing the District Court to make findings when a factual dispute regarding jurisdiction does arise."

*Dale v. Executive Office of the President,* 164 F. Supp. 2d 22, 25 (D.D.C. 2001) (citations omitted). *See also Longwood Village Restaurant, Ltd. v. Ashcroft,* 157 F. Supp. 2d 61, 66-67 (D.D.C. 2001).

      **b.**    **Motions for Summary Judgment**

Summary judgment must be granted if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Although the party moving for summary judgment has the burden of demonstrating the absence of any material facts and the right to judgment as a matter of law, the movant is not obligated to present supporting evidence.

*Ferguson v. District of Columbia,* 629 A.2d 15, 19 (D.C. 1993). Instead, the moving party need only assert that there is a lack of necessary evidence to support plaintiff's case. At that point the burden shifts to the non-moving party to show the existence of a genuine issue of material fact. *Id; Beard v. Goodyear Tire & Rubber Co.,* 587 A.2d 195, 198 (D.C. 1991). In other words, the non-moving party must show that a legal theory remains viable under the asserted version of the facts and produce enough evidence to make out a *prima facie* case in support of the claim. *Smith v. Washington Metropolitan Area Transit Authority,* 631 A.2d 387, 390 (D.C. 1993). To oppose such a motion successfully, the party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). But if such party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial[,]" then rule 56(c) mandates that summary judgment must be granted. *Celotex*, *supra*, 477 U.S. at 322. Theoretical speculations, unsupported assumptions, and conclusory allegations do not rise to the level of a genuine issue of fact. *Smith*, *supra*, 631 A.2d at 390.

"A motion for summary judgment should be granted if (1) taking all reasonable inferences in the light most favorable to the nonmoving party, (2) a reasonable juror, acting reasonably, could not find for the nonmoving party, (3) under the appropriate burden of proof." *Galloway v. Safeway Stores, Inc.* 633 A.2d 736, 738 (D.C. 1993), quoting *Nader v. Toledano,* 408 A.2d 31, 42 (D.C. 1979), *cert. denied* 444 U.S. 1078 (1980). In reviewing the grant of summary judgment, this Court must conduct an independent review of the record, *Smith, supra,* 631 A.2d at 390, and determine whether the record demonstrates that there is no genuine issue of fact from which a jury could find for the nonmoving party. *Nader, supra,* 408 A.2d at 42.

In the present case, there is no dispute as to material facts which would lead a jury to find for the Plaintiff. Therefore, Defendants are entitled to judgment as a matter of law.

## II.     Plaintiff Failed To Exhaust Her Administrative Remedies Under Title VII.

Judgment should be entered against Plaintiff on her claims under Title VII of the Civil Rights Act of 1964 because the Plaintiff failed to exhaust her administrative remedies before filing the present case in the Superior Court. Specifically, Plaintiff failed to commence state proceedings with the District of Columbia Office of Human Rights, and failed to allege exhaustion of administrative remedies in the complaint.

### a.     Failure to Commence State Proceedings

Title VII provides that:

> In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant relief from such practice … *no charge may be filed … by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law* unless proceedings have been earlier terminated.

§ 706 (c) of Title VII of the Civil Rights Act of 1964 (formerly § 706 (b)), 78 Stat. 259, as redesignated, 86 Stat. 104, 42 U.S.C. § 2000e-5(c) (emphasis added). The requirement of filing with the State deferral agency is <u>mandatory</u>. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756 (1979) ("Because state agencies cannot even attempt to resolve discrimination complaints not brought to their attention, the section has been interpreted to require individuals in deferral States to resort to appropriate state proceedings before bringing suit under Title VII"); *see also id.*, n. 3 ("§ 706 (c) resort to appropriate state proceedings is mandatory, not optional"), and *New York Gaslight Club Inc., v. Carey*, 447 U.S. 54, 63 (1980) ("[i]nitial resort to state and local remedies is mandated, and recourse to the federal forums [to challenge employment action under Title

VII] is appropriate only when the State does not provide prompt or complete relief"). The purpose of the requirement is "to screen from the federal courts those discrimination complaints that might be settled to the satisfaction of the grievant in state proceedings." *Oscar Mayer*, 441 U.S. at 756.

In this jurisdiction, the District of Columbia Office of Human Rights ("DCOHR") is the State agency authorized to investigate allegations of unlawful employment practices, including gender discrimination. *See* D.C. Code §§ 2-1411.02 and 2-1411.03; *see also Williams v. Washington Metropolitan Area Transit Authority*, 721 F.2d 1412, 1416, n. 3 (D.C. Cir. 1983) ("There is no question that DCOHR was and continues to be an authorized 'local [§ 706] agency' for purposes of 42 U.S.C. § 2000e-5(c)"). In the case at bar, Plaintiff failed to allege that she filed a charge of discrimination with the DCOHR, an indication that such a filing never occurred. Consequently, Plaintiff did not commence proceedings under state law as required and her claims under Title VII should be dismissed for failure to exhaust administrative remedies.

### b. Plaintiff Did Not Allege Exhaustion of Administrative Remedies or Allege Receipt of a Right to Sue Letter Prior to Filing Suit

There are two prerequisites to filing a case under Title VII:  1) the timely filing of a charge with the EEOC or a state agency, and 2) receipt of a notice of right to sue from the EEOC and acting upon it in a timely manner. *See* 42 U.S.C. § 2000e; *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47 (1974); *Kennedy v. Whitehurst,* 690 F.2d 951, 961 (D.C. Cir. 1982); *Jones v. District of Columbia,* 273 F. Supp.2d 61, 64 (D.D.C. 2003). Title VII claims require that a non-federal employee complaining of a violation must file an administrative charge with the EEOC, as well as allow the agency ample time to act on that charge. *Browne v. PEPCO*, 2006 U.S. Dist. LEXIS 45074 (2006). Only after the EEOC has notified the claimant of its decision to dismiss the charge, or its inability to timely file a civil action, can that claimant bring a lawsuit

himself. *Browne, supra,* at 5. "Failure to allege exhaustion of these administrative remedies for Title VII claims will result in the dismissal of the claims…" *Browne, supra, at 6*.

Plaintiff filed this lawsuit on May 28, 2008. See complaint. However, there is no indication in the complaint that Plaintiff received a right to sue letter from the EEOC prior to filing the lawsuit. See complaint, generally. Moreover, Plaintiff has not alleged, as required to state a claim under Title VII, that the Office of Human Rights and the EEOC were timely notified of her claim of discrimination. See complaint, generally. Thus, Plaintiff has not alleged that she has exhausted all administrative remedies available to her prior to filing this civil action. This failure is fatal to the Plaintiff's Title VII claim, which must be dismissed.

### III.    Plaintiff's Complaint Does Not Set Forth Any Allegations To Support A Discrimination Claim Under Title VII Or The D.C. Human Rights Act.

In counts one and two of the complaint, Plaintiff asserts she experienced discrimination based on her gender in violation of Title VII and the DC Human Rights Act ("DCHRA") when she was terminated from her employment with the District. See complaint. The DCHRA prohibits an employer from discharging or failing to promote an employee based on race, sex, or other prohibited reasons. D.C. Code § 2-1402.11 (a)(1) (2001). *McFarland v. George Wash. Univ.*, 935 A.2d 337 (2007). In considering claims of discrimination under the DCHRA, District of Columbia Courts employ the same three-part, burden-shifting test articulated by the Supreme Court for Title VII cases in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Thus, in the case at bar, the following gender discrimination analysis applies to the Plaintiff's Title VII and DCHRA claims.

To establish a *prima facie* case of discriminatory termination, a plaintiff generally must demonstrate "(1) that she was a member of a protected class, (2) that she was qualified for the job from which she was terminated, (3) that her termination occurred despite her employment

9

qualifications, and (4) that a substantial factor in her termination was her membership in the protected class." *McFarland*, Id. at 352. Proof of disparate treatment gender discrimination requires a showing that the plaintiff was fired while men, similarly situated to her, were not terminated, but rather treated more leniently. *O'Donnell v. Associated Gen. Contractors of Am.*, 645 A.2d 1084 (1994); *see also Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 67 L. Ed. 2d 207, 101 S. Ct. 1089 (1981); *Bellissimo v. Westinghouse Elec. Corp.,* 764 F.2d 175, 179 (3rd Cir. 1985), *cert. denied,* 475 U.S. 1035, 89 L. Ed. 2d 353, 106 S. Ct. 1244 (1986); *Rowe v. Kidd,* 731 F. Supp. 534, 536 (D.D.C. 1990). Thus, in the instant case, Plaintiff must allege that she was treated less favorably than similarly situated male employees. *O'Donnell,* Id. at 1087. While Plaintiff's complaint alleges that she was a member of a protected class and she was terminated despite meeting the expectations of her employer, the complaint fails to articulate any facts tending to show that a substantial factor in her termination was her membership in the protected class. Thus, she has not alleged a claim of gender discrimination.

Plaintiff alleges that during the period of August, 2007 until January, 2008 she began to consider breast reduction surgery to relieve her constant back pain. See complaint ¶ 17. During the period the Plaintiff was researching the proper procedure for breast reduction surgery she visited several medical websites and viewed before and after pictures of breast reductions containing pictures of women's bare breasts. See complaint ¶ 19. Plaintiff also visited internet sites after her breast reduction surgery. See complaint ¶ 21. She does not allege that she sought permission from her employer to perform outside activities at work using her work equipment. Nor does she allege that she was granted such permission. Plaintiff concedes that during this same time, the District began a series of investigations into the use of government computers by its employees who visited pornographic websites during that year. See complaint ¶ 23.

Plaintiff's computer was confiscated and Plaintiff was told, in the presence of her family attorney, that her computer contained pornographic material and, thus, she would be terminated. See complaint ¶ 27. Thus, the allegations in Plaintiff's complaint make out a claim for termination based upon misuse of her computer. Nowhere in the complaint does Plaintiff allege that other employees, who were not within her protected class, were treated more favorably than she. Nor does she allege that she was terminated in favor of a male employee. The only reason Plaintiff cites for her termination is her use of the District's computer equipment to shop for and secure a physician to perform surgery on her breasts. See complaint ¶ 20. Plaintiff concedes that the District was conducting an investigation into improper computer use during the time she was using the computer to find a physician to perform her breast surgery and she was told that her termination was the result of computer misuse. See complaint ¶¶ 23 - 27. Plaintiff does not deny using the computer for the purpose of viewing pictures of bare breasted women and seeking a physician to perform her breast surgery. Nor does Plaintiff allege that she sought permission from her supervisor to visit websites containing pictures of bare breasted women in order to research a medical condition. Thus, she has not alleged facts sufficient to demonstrate that a substantial factor in her termination was her membership in the protected class. *McFarland*, Id. at 352. Consequently, her complaint fails, as a matter of law, and must be dismissed with prejudice.

**IV.    Mayor Fenty Is Not The Proper Party To Be Sued.**

Plaintiff has filed suit against Mayor Fenty in his official capacity. Specifically, paragraph 5 of the complaint states "Defendant, Adrian Fenty, is the Mayor of the District of Columbia Government and in such position is responsible for all administrative and personnel decisions of said governmental entity including the Child and Family Services of the District of

11

Columbia Government." See complaint. Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. *Kentucky v. Graham*, 473 U.S. 159 (1985); See also *Scheuer* v. *Rhodes*, 416 U.S. 232, 237-238 (1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell* v. *New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Brandon v. Holt*, 469 U.S. 464 (1985). It is *not* a suit against the official personally, for the real party in interest is the entity. In the case sub-judice, Plaintiff has filed suit against the District and Mayor Fenty in his official capacity. Since the District is named as a party in this suit, it is on notice and has an opportunity to respond. The complaint contains no allegations of wrongdoing specifically perpetrated by Mayor Fenty. See complaint, generally. This lawsuit must be treated as a suit against the District of Columbia. Since Mayor Fenty is not the real party in interest Plaintiff's suit against him must be dismissed.

**V.     The District Of Columbia Child And Family Services Agency Is *Non Sui Juris*.**

It has long been held in this jurisdiction that agencies and departments within the District of Columbia government are not suable as separate entities. *See Roberson v. District of Columbia Board of Higher Education*, 359 A.2d 28, 31 n. 4 (D.C. 1976) (Board of Higher Education not a suable entity) (dictum); *Miller v. Spencer*, 330 A.2d 250, 251 n. 1 (D.C. 1974) (Department of Sanitation not suable); *Ray v District of Columbia*, 535 A.2d 868, 869 n. 2 (D.C. 1987) (holding that Fire Department, the Board of Police and Fire Surgeons, and the Police and Fire Clinic are not *sui juris* entities). D.C. Code § 4-1303.01a (2008) established the Child and Family Services Agency as an agency of the District of Columbia government. The statute does

not establish CFSA as *sui juris*, explicitly or implicitly. Plaintiff does not even attempt to claim that CFSA is a municipal corporation or has the capacity to sue and be sued. She merely asserts that CFSA violated her rights under the Human Rights Act and Title VII. Accordingly, insofar as the complaint attempts to style a claim against CFSA, it must be dismissed.

CONCLUSION

For the reasons stated above, Defendants, the District of Columbia, Mayor Adrian Fenty, and the D.C. Child and Family Services Agency request this Honorable Court grant their Motion to Dismiss and enter an Order Dismissing Plaintiff's complaint with prejudice, or in the alternative, grant summary judgment in favor of the Defendants.

Respectfully submitted,

PETER NICKELS
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Kimberly M. Johnson/tmj
KIMBERLY M. JOHNSON [435163]
Chief, Civil Litigation Sec. I

/s/ Darrell Chambers
DARRELL CHAMBERS [980872]
Assistant Attorney General
441 4TH Street, NW, Suite 600 South
Washington, D.C. 20001
202-724-6539
darrell.chambers@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHELE TORNABENE ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 08-1379 RBW |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

DEFENDANTS' STATEMENT OF UNDISPUTED
MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants, the District of Columbia ("District"), Mayor Adrian Fenty ("Mayor Fenty"), and the District of Columbia Department of Child and Family Services Agency ("CFSA"), in the above-captioned case, submit the following statement of undisputed material facts in support of its motion for summary judgment:

1. Plaintiff worked as a social worker with CFSA beginning in January 2000. See complaint ¶ 6.

2. Plaintiff received promotions in July of 2001 and again in April of 2002 and was later transferred to the Management Supervisory Service. See complaint ¶¶ 7, 8.

3. During the period of August of 2007, Plaintiff began to consider breast reduction surgery due to constant pain in her back and neck caused by the weight of her large breasts. See Complaint ¶ 17.

4. Plaintiff researched the procedure while at work. See complaint ¶ 18.

5. Plaintiff conducted her research through the internet during work hours and using her work computer. See complaint ¶ 18.

14

6. During her research, Plaintiff visited several websites which contained pictures of women's bare breasts ¶ 19.

7. Plaintiff underwent breast reduction surgery in October of 2007. <u>See</u> complaint ¶ 20.

8. Plaintiff returned to work on October 22, 2007. <u>See</u> complaint ¶ 22.

9. After the surgery, Plaintiff continued to visit internet websites containing pictures of women's bare breasts while at work, during work hours, and using her work computer. <u>See</u> complaint ¶ 21.

10. The District conducted an investigation into the misuse of government computer equipment and Plaintiff became a target of that investigation. <u>See</u> complaint ¶¶ 23 – 27.

11. In February of 2008, Plaintiff was told, in the presence of her attorney, that inappropriate material was discovered on her work computer and that she would be terminated for misuse of the government computer. <u>See</u> complaint ¶¶ 27, 28.

12. Plaintiff was terminated, effective February 21, 2008. <u>See</u> complaint ¶ 28.

Respectfully submitted,

PETER NICKELS
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/  Kimberly M. Johnson/tmj
KIMBERLY M. JOHNSON [435163]
Chief, Civil Litigation Sec. I

/s/   Darrell Chambers
DARRELL CHAMBERS [980872]
Assistant Attorney General
441 4TH Street, NW, Suite 600 South
Washington, D.C.  20001
202-724-6539
darrell.chambers@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHELE TORNABENE | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 08-1379 RBW |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER

Upon consideration of the Defendants' Motion to Dismiss, any Opposition thereto, the record herein, and for the reasons stated in Defendants' motion it is, this _____ day of _____, 2008,

ORDERED: that the defendant's Motion is GRANTED; and it is

FURTHER ORDERED that Judgment is entered against the Plaintiff and in favor of the Defendants; and it is

FURTHER ORDERED: Plaintiff's complaint is hereby DISMISSED.

_____
Reggie B. Walton, Judge
United States District Court
For the District of Columbia

Serve:

Darrell Chambers
Assistant Attorney General
441 4TH Street, NW, Suite 600 South
Washington, D.C.  20001
darrell.chambers@dc.gov
Counsel for Defendants

Karl W. Carter, Jr., Esquire
1050 17th Street, N.W.
Suite 1000
Washington, D.C. 20036
Counsel for Plaintiff

16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHELE TORNABENE )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>    Defendants. )<br>_____) | Civil Action No.: 08-1379 RBW |

<u>ORDER</u>

Upon consideration of the Defendants' Motion to Dismiss, any Opposition thereto, the record herein, and for the reasons stated in Defendants' motion it is, this _____ day of _____, 2008,

ORDERED: that the defendant's Motion is GRANTED; and it is

FURTHER ORDERED that Judgment is entered against the Plaintiff and in favor of the Defendants; and it is

FURTHER ORDERED: Plaintiff's complaint is hereby DISMISSED.

_____
Reggie B. Walton, Judge
United States District Court
For the District of Columbia

Serve:

Darrell Chambers
Assistant Attorney General
441 4TH Street, NW, Suite 600 South
Washington, D.C.  20001
darrell.chambers@dc.gov
Counsel for Defendants

Karl W. Carter, Jr., Esquire
1050 17th Street, N.W.
Suite 1000
Washington, D.C. 20036
Counsel for Plaintiff