UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MICHELE TORNABENE            )
                             )
    Plaintiff                )
                             )
v.                           )    CA. No. 08-1379
                             )
District of Columbia Government )
                             )
    Defendant                )
                             )

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S PETITION FOR REMOVAL

Comes now the Plaintiff by and through Counsel and opposes the Petition for Removal filed by the Defendant in the instant case on the grounds that this is a civil action over which te United States District Court has original jurisdiction under the prvosions of 28 U.S.C. § 1441(b) since the Plaintiff plead the provisions of Title VII of the 1964 Civil Rights Act. However, it is submitted that the Defendant's Petition is premature and that this court does not have jurisdiction since the prerequisites for jurisdiction under the Federal Statute have not been met and therefore this case should be remanded back to the state court for further proceedings.

Plaintiff's position is more fully explained in the attached memorandum of points and authorities.

Respectfully submitted,

*/s/ Karl W. Carter, Jr.*

Karl W. Carter, Jr.
Attorney At Law
1050 17th Street, N.W.
Suite 1000
Washington, D.C. 20036
(202) 955-1010

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| MICHELE TORNABENE )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>District of Columbia Government )<br>)<br>    Defendant )<br>_____) | CA. No. 08-1379 |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S PETITION FOR REMOVAL

**I.**

### INTRODUCTION

Plaintiff submits that the Defendant's Removal Petition should be denied on the grounds that this court does not have jurisdiction under the provisions of 28 USC §1441(b) since the Plaintiff to date has yet to complete the exhaustion of her administrative remedies. Plaintiff has filed a complaint of sex discrimination with the EEOC but to date no Right to Sue Letter has been issued by said federal agency nor has the period of one hundred and eighty days lapsed since the filing of her complaint. Therefore the prerequisites for jurisdiction have not been triggered and until then this case remains a matter for determination by the Superior Court of the District of Columbia.

Wherefore, Plaintiff prays that this honorable Court deny the Defendant the District of Columbia's Petition for Removal and remand this matter to the Superior Court of the District of Columbia.

## II.

## ARGUMENT

## THE REMOVAL OF PLAINTIFF'S CASE WAS IMPROVIDENT

Defendant, the District of Columbia and other named agents and agencies, filed a Petition for the Removal of Plaintiff's complaint of discrimination due to sex from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. The Defendants based their Petition on the provisions of 28 USC § 1441(b)[1] and on the fact that Plaintiff alleged that her rights under the provisions of Title VII of the 1964 Civil Rights Act had been violated[2]

Defendants in their Petition for Removal claim Plaintiff's case should be removed to this court for further proceedings on the grounds that because Plaintiff had raised causes of action which raise a federal question and therefore this case should be removed

---

[1] § 1441(b) states the following in pertinent part: (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising unde rth Constitution, Treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

[2]. Plaintiff in her complaint stated the following as a basis for the exercise of the jurisdiction of the Superior Court of the District of Columbia: Section 11-921 of the District of Columbia Code; (b) Section 2-1403.16 in that this case arises under the provisions of the District of Columbia Human Rights Act ;(c) TitleVII of the 1964 Civil Rights Act and that this action is brought to protect Plaintiff's Civil rights there under.(See Ex.1)

to the United States District Court. However, it is submitted that the Defendant's Petition has been prematurely filed and therefore this court does not have jurisdiction to hear the matter. In particular Plaintiff submits that under the provisions of Title VII the jurisdictional prerequisites do not exist which would allow for the extension of federal jurisdiction or give rise to a cause of action under the applicable provisions of the 1964 Civil Rights Act. The provisions of Title VII establish a clear provision for the exercise of jurisdiction by the District Court(ie that a Complainant or Plaintiff must exhaust his or her administrative remedies prior to the institution of suit in the Federal Court. The act also requires that a complainant or plaintiff must file suite in the Federal Court within 180 days from the filing of a complaint with the EEOC or within ninety (90) days of the date of the issuance of the Right to Sue Letter. (See 42U.S.C. § 2000e-5(e). The purpose of the exhaustion requirement was to allow administrative resolution of the claim prior to suit. Brown v. Marsh, 777 F.2d 8, 14 (DC Dir. 1985). Thus, the exhaustion of the statutory administrative remedies is a pre-requisite to judicial relief and an individual's failure to file with the EEOC would result in the dismissal of their complaint .Park v. Howard, 71 F.3rd 904,907 (D.C. Cir. 1995).

In the instant case neither of the statutory requirements exist which would confer jurisdiction upon this court. Although the Plaintiff has filed her EEO complaint with the EEOC, the one hundred and eighty day period has not lapsed due to the fact that she had filed her complaint in March of 2008. Nor has the EEO issued a right to Sue Letter which would authorize the filing of a civil suit in this court. Thus, there is no basis in fact or

otherwise which would support the claim that this case is a civil action over which this Court would have jurisdiction. Nor is the instant case a case of action arising under the provisions of 28 U. S. C. A. § 1331. Thus this case should be remanded to the Superior Court of the District of Columbia. Saltz v. Lehamna, 672 F.2d 207, 208 (D.C. Cir. 1982). Since this court clearly lacks jurisdiction to hear Plaintiff's case under the jurisdictional provisions of Title VII the Defendant's Removal Petition shoud be denied.

Respectfully submitted,

Karl W. Carter, Jr.
Attorney At Law
1050 17th Street, N.W.
Suite 1000
Washington, D.C. 20036
(202) 955-1010

CERTIFICATE OF SERVICE

I the undersigned do hereby certify that a copy of the foregoing Motion was mailed postage prepaid to Darrel Chambers, Assistant Attorney General, Office of the General, 441 4th Street, N.W., 600 South, Washington, D.C. 20036 this 22nd day of August 2008.

Karl W. Carter, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MICHELE TORNABENE       )
                        )
    Plaintiff            )
                        )
v.                      )       CA. No. 08-1379
                        )
District of Columbia Government )
                        )
    Defendant           )
_____)

## ORDER

This matter having come before this court upon the Removal Petition of the Defendant and Plaintiff's Opposition thereto and based upon the points raised therein, it is this _____ day of August 2008:

ORDERED: That the Defendant's Petition For Removal is hereby denied and this case is hereby remanded to the Superior Court for further proceedings.

_____
United States District Court Judge